Eastern District of Kentucky
FILED

JUN 12 2025

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**


**V.**                                    **INDICTMENT NO.** 25-77-KKC


**OSAMA OMAR QASEM**


\* \* \* \* \*


**THE GRAND JURY CHARGES:**


## COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about January 21, 2025, in Fayette County, in the Eastern District of Kentucky,

**OSAMA OMAR QASEM**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about February 7, 2025, in Fayette County, in the Eastern District of Kentucky,

**OSAMA OMAR QASEM**

did knowingly and intentionally distribute 50 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance,

all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 3
### 21 U.S.C. § 841(a)(1)

On or about February 25, 2025, in Fayette County, in the Eastern District of Kentucky,

### OSAMA OMAR QASEM

did knowingly and intentionally distribute 50 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance,

all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 4
### 21 U.S.C. § 841(a)(1)

On or about March 7, 2025, in Fayette County, in the Eastern District of Kentucky,

### OSAMA OMAR QASEM

did knowingly and intentionally distribute 50 grams or more of methamphetamine

(actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 5
### 21 U.S.C. § 841(a)(1)

On or about March 18, 2025, in Fayette County, in the Eastern District of Kentucky,

### OSAMA OMAR QASEM

did knowingly and intentionally possess with the intent to distribute a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance,

all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
### 21 U.S.C. § 841(a)(1)

On or about March 18, 2025, in Fayette County, in the Eastern District of Kentucky,

**OSAMA OMAR QASEM**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
### 18 U.S.C. § 924(c)(1)(A)

On or about March 18, 2025, in Fayette County, in the Eastern District of Kentucky,

**OSAMA OMAR QASEM**

did knowingly possess a firearm, that is, a Keltec, CNC Industries, Inc., Model: PLR-22, Cal.: 22, pistol, SN: U2R31, in furtherance of a drug trafficking crime, as charged in Counts 5 and 6 of this Indictment, for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 8
### 18 U.S.C. § 933(a)(1) & (a)(3)

Beginning on or about January 21, 2025, and continuing through March 7, 2025, in Fayette County, in the Eastern District of Kentucky,

**OSAMA OMAR QASEM**

did knowingly transport, transfer, or otherwise dispose of the following firearms:

1. Smith & Wesson, Model: Bodyguard 380, Cal.: 380, pistol, SN: KJA4895;

2. Hi-Point, Model: CF380, Cal.: 380 ACP, pistol, SN: P8184518; and

3. Phoenix Arms Co., Model: HP22A, Cal.: 22LR, pistol, SN: 4482825

to another person, in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearms by the recipient would constitute a felony, all in violation of 18 U.S.C. § 933(a)(1) and (a)(3).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 28 U.S.C. § 2461

1.     By virtue of the felony offenses alleged in Counts 1- 6 of the Indictment, **OSAMA OMAR QASEM** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or facilitate the commission of the violation of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **OSAMA OMAR QASEM** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.     By virtue of the commission of the offense alleged in Count 7 of the Indictment, **OSAMA OMAR QASEM** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. § 924. Any and all interest that **OSAMA OMAR QASEM** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.     The property to be forfeited includes, but is not limited to, the following:

**FIREARM AND AMMUNITION:**

a.  Keltec, CNC Industries, Inc., Model: PLR-22, Cal.: 22, pistol, SN: U2R31

b.  Assorted ammunition

**A TRUE BILL**

PAUL. C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-3:**     Not less than 5 years imprisonment, not more than 40 years imprisonment, not more than a $5,000,000 fine, and not less than 4 years of supervised release.

**If prior serious drug felony or serious violent felony conviction:** Not less than 10 years of imprisonment, not more than life imprisonment, not more than an $8,000,000 fine, and not less than 8 years of supervised release.

**COUNTS 4 & 6:**     Not less than 10 years imprisonment, not more than life imprisonment, not more than a $10,000,000 fine, and not less than 5 years supervised release.

**If prior serious drug felony or serious violent felony conviction:** Not less than 15 years imprisonment, not more than life imprisonment, not more than a $20,000,000 fine, and not less than 10 years supervised release.

**COUNT 5:**     Not more than 20 years imprisonment, not more than a $1,000,000 fine, and not less than 3 years of supervised release.

**If prior felony drug offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and not less than 6 years supervised release.

**COUNT 7:**     Not less than 5 years imprisonment, not more than life imprisonment, consecutive to any other sentence, not more than a $250,000 fine, and not more than 5 years of supervised release.

**COUNT 8:**     Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised release.

**PLUS:**     Mandatory special assessment of $100 per count.

**PLUS:**     Restitution, if applicable

**PLUS:**     Forfeiture